**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **JOEL SALGADO,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| v. | **:** | **No. 5:17-cv-399-MTT-CHW** |
| | **:** | |
| **Deputy Warden WILLIAM POWELL,** | **:** | |
| | **:** | **Proceedings Under 42 U.S.C. § 1983** |
| **Defendant.** | **:** | **Before the U.S. Magistrate Judge** |
| | **:** | |

## RECOMMENDATION TO DISMISS FOR FAILURE TO PROSECUTE

Before the Court is a motion to dismiss filed by Defendant William Powell. (Doc. 26). Because Plaintiff has failed diligently to prosecute this action by responding to the Defendant's motion, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On screening under 28 U.S.C. § 1915A, the Court allowed Plaintiff to proceed on claims relating to his continued confinement within Tier III or the Special Management Unit of the Georgia Diagnostic and Classification Prison. (Doc. 9, pp. 3–6; Doc. 12). Those claims remain pending in civil action number 5:15-cv-355. The Court also allowed Plaintiff to proceed on an Eighth Amendment claim against Defendant Powell for denial of dental care based on allegations that "[s]ince July of 2015," Plaintiff "has been on the waiting list to see the dentist for a broken tooth with exposed nerve endings." (Doc. 6-1, p. 21). Plaintiff's denial of dental care claim was later severed into this separate action. (Doc. 25).

On December 7, 2017, Defendant Powell filed a motion to dismiss based upon Plaintiff's failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). The Court directed Plaintiff to respond to the motion to dismiss, (Doc. 29),

1

and when no response was filed, the Court further ordered Plaintiff to show cause as to why this action should not be dismissed based on Plaintiff's failure to prosecute. (Doc. 31). To date, Plaintiff has not filed a response to Defendant Powell's motion to dismiss, and Plaintiff has not shown cause to the Court for his failure to prosecute this action.

The record indicates that Plaintiff failed to file any prison grievance relating to the alleged denial of dental care by Defendant Powell, or any other prison official. *See* (Doc. 1, pp. 3–4). *See also* (Doc. 26-2, p. 6) (Aff. of Ruby Pugh). Accordingly, the record would appear to support a dismissal without prejudice based upon Plaintiff's failure to exhaust. *Alexander v. Hawk*, 159 F.3d 1321, 1325–26 (11th Cir. 1998) ("exhaustion is … a pre-condition to suit").

Nevertheless, because Plaintiff failed to brief the issue of exhaustion, it is recommended that the Court base its ruling upon Plaintiff's failure to prosecute. *See Brown v. Tallahassee Police Dep't*, 205 F. App'x 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order"). *See also Link v. Wabash R. Co.*, 370 U.S. 626, 631–32 (1962). This recommendation is made notwithstanding the fact that the applicable statute of limitation may bar Plaintiff from re-raising, in whole or in part, his denial of dental care claim in the future. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003) ("Georgia's statute of limitations is two years").

Accordingly, because Plaintiff failed to respond to the Defendant's motion to dismiss despite repeated prompts from the Court, it is **RECOMMENDED** that this action be **DISMISSED without prejudice** based upon Plaintiff's failure to prosecute. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge will make a de novo determination of those

2

portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 29th day of June, 2018.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge